# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

MICHAEL R. DELIMA and
ELEANOR J. DELIMA,

      Debtors.

Case No. 16-11380-RGM
(Chapter 13)

## MEMORANDUM OPINION AND ORDER

THIS CASE was before the court on the chapter 13 trustee's Motion to Vacate Memorandum Opinion and Order Overruling Trustee's Objection to the Debtors' Claim of Exemptions (Docket Entry 43).

The chapter 13 trustee filed his Objection to the Debtors' Claim of Exemptions on June 10, 2016 (Docket Entry 17). The debtors filed their Answer to Trustee's Objection to Property Claimed as Exempt on June 29, 2016 (Docket Entry 20). After argument by counsel, the court took the matter under advisement. The objection was overruled by the Order entered on September 23, 2016 (Docket Entry 39) for the reasons stated in the accompanying Memorandum Opinion filed the same day (Docket Entry 38). The prior day, September 22, 2016, the trustee filed a document entitled "Withdrawal" in which he requested that the clerk withdraw his objection to debtors' claim of exemptions (Docket Entry 36).

The trustee now requests that the court vacate its Order overruling his objection to debtors' claim of exemptions and the court's Memorandum Opinion. He asserts that when the Order and the Memorandum Opinion were entered "there was no live case in controversy pursuant to Article II, Section 2, Clause 1 of the U.S. Constitution as Trustee's Objection to Debtors' Claim of Exemptions

1

was withdrawn on September 22, 2016." Motion to Vacate at 1. The resolution of the trustee's motion to vacate depends on the efficacy of his Withdrawal.

The trustee commenced a contested matter when he filed his objection to the debtors' exemptions. Fed.R.Bankr.P. 4003. Contested matters are governed by Rule 9014 which makes Rule 7041 applicable. Rule 7041 incorporates Fed.R.Civ.P. 41 which concerns dismissal of actions. Rule 41(a)(1)(A) provides how an action may be dismissed without an order of the court. It states:

> (A) **Without a court order.** . . . [T]he plaintiff may dismiss an action without a court order by filing:
> (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> (ii) a stipulation of dismissal signed by all parties who have appeared.

*Id.* Neither provision is applicable in this case. Subsection (i) is not applicable because the debtor filed an answer to the objection. Subsection (ii) is not applicable because the trustee's withdrawal was signed only by himself. The withdrawal did not comply with the provisions of Rule 41(a) and was not effective. Consequently, when the court entered the order overruling the trustee's objection there was a pending case or controversy. *Fairchild v. Internal Revenue Service (In re Fairchild),* 969 F.2d 866 (10th Cir. 1992).

For the foregoing reasons, it is

ORDERED that the trustee's Withdrawal (Docket Entry 36) which is treated as a motion to dismiss under Rule 41(a)(1)(A) and his Motion to Vacate Memorandum Opinion and Order Overruling Trustee's Objection to the Debtors' Claim of Exemptions (Docket Entry 43) are denied.

Alexandria, Virginia

Oct 21 2016

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Entered on Docket: Oct 21 2016 mjr

2

Copy electronically to:

Neil S. Welles
Thomas P. Gorman

19266